UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMBRIA TERESE HARRIS,

      Plaintiff,                            Case No. 23-cv-12350
                                            Hon. Matthew F. Leitman

v.

ENDURANCE AMERICA
INSURANCE COMPANY, *et al.*,

      Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 12)

On November 15, 2021, Kenneth Yott died when the plane he was piloting crashed near Boyne City, Michigan. In this action, Yott's estate (the "Yott Estate") claims that Defendant Endurance America Insurance Company has wrongly failed to provide insurance coverage for Yott's death under a provision of an insurance policy held by the plane's owner, a company called N290KA, LLC. (*See* First Am. Compl., ECF No. 11.)

Endurance has now moved to dismiss all of the Yott Estate's claims. (*See* Mot. to Dismiss, ECF No. 12.) The Court held a hearing on the motion on June 7, 2024. For the reasons explained below, Endurance's motion is **GRANTED**.

1

**I**

**A**

Yott was a trained commercial pilot. (*See* First Am. Compl. at ¶ 9, ECF No. 11, PageID.244.)  On November 15, 2021, Yott was piloting a Beechcraft King Air E-90 aircraft with his co-pilot Corbin Kennedy. (*See id.* at ¶¶ 4, 6, PageID.243.)  The aircraft was owned by N290KA, and N290KA insured the plane under a policy issued by Endurance (the "Policy"). (*See id. See also* Policy, Ex. A to First Am. Compl., ECF No. 11, PageID.249-304.)  N290KA was the "named insured" under the Policy. (*See* Policy, ECF No. 11, PageID.264, 277.)

The Policy contained four different primary liability coverages. (*See id.*, PageID.264.)  Relevant here, "Coverage D" of the Policy provided as follows:

> Coverage D – Single Limit Bodily Injury and Property Damage Liability (including any and all Related Claims) – To pay on your behalf all sums which you become legally obligated to pay as damages because of Bodily Injury sustained by any person (excluding any Passenger unless the words "Including Passenger" appear in Item 4 of the Declarations) and Property Damage caused by an Occurrence during the Policy Period and arising out of the ownership, maintenance or use of an Aircraft.

(*Id.*, PageID.264.)  The references to "you" and "your" in Coverage D (and throughout the Policy) "refer[red] to the person or organization appearing as the Named Insured" – here, N290KA. (*Id.*, PageID.264, 277.)  Thus, Coverage D created coverage obligations that ran from Endurance to N290KA.

The Policy further provided that under Coverage D, Endurance had "the right and duty to defend any suit against [N290KA] seeking damages on account of such Bodily Injury . . . which occurred during the Policy Period, even if any of the allegations of the suit are groundless, false or fraudulent." (*Id.*, PageID.272.)

## B

On final approach, the aircraft carrying Yott and Kennedy crashed near Boyne City, Michigan. (*See* First Am. Compl. at ¶¶ 4, 11, ECF No. 11, PageID.243-244; Pla.'s Resp., ECF No. 14, PageID.352.) Both Yott and Kennedy were killed. (*See id.*)

Following the accident, Kennedy's estate made a written demand against N290KA in which it asserted that it had a claim against N290KA arising out of the crash and Kennedy's death. (*See* Kennedy Estate Demand Ltr., ECF No. 9-3, PageID.226.) The Kennedy estate claimed that the "aircraft was operated in severe icing conditions" that were "forecasted and foreseeable." (*Id.*) The Kennedy estate further asserted that "[u]nder Michigan law[,] the owner of an airplane [was] strictly liable for the negligent operation of the aircraft." (*Id.*) Thus, the Kennedy estate claimed that N290KA was liable to it (the Kennedy estate) for damages arising out of the accident.

N290KA tendered defense of the Kennedy estate's claim to Endurance. Endurance later settled the claim by paying Kennedy's family $4,750,000 of the

$5,00,0000 limit of liability under Coverage D of the Policy. (*See* Endurance Resp. Ltrs., ECF Nos. 9-6, PageID.233, ECF No. 9-8, PageID.238.)  The Probate Court for Livingston County approved the settlement on November 30, 2022. (*See* Settlement, ECF No. 9-4.)

## C

Several months after the court approved the settlement to the Kennedy estate, counsel for the Yott Estate sent a letter to the company that adjusted claims for Endurance. (*See* Yott Estate Demand Ltr., ECF No. 9-5.)  Unlike the demand sent by the Kennedy estate, the letter from the Yott Estate did not claim that N290KA had liability arising out of the accident, nor did the letter identify any allegedly negligent or wrongful conduct by N290KA related to the accident.  Instead, the letter asserted that the Yott Estate was entitled to coverage under the Policy because "Yott was a passenger on board the aircraft" and had "suffer[ed] bodily injuries."  Under those circumstances, counsel for the Yott Estate asserted, Yott was "included in and covered by the limit of liability – section D, which has a single limit of $5,000,000." (*Id.*, PageID.232.)

Endurance disagreed with the analysis by counsel for the Yott Estate and concluded that counsel had not identified any facts or circumstances that would give rise to coverage for the Yott Estate under Coverage D of the Policy. (*See* Endurance

Resp. Ltrs., ECF Nos. 9-5, 9-7.)  Endurance therefore declined make any payments to the Yott Estate under Coverage D.[1] (*See id.*)

## D

After negotiations with Endurance failed to resolve the Yott Estate's claim, Ambria Terese Harris, Yott's wife and the personal representative of the Yott Estate, filed suit in the Washtenaw County Circuit Court. (*See* Compl., ECF No. 1-2.)  The case was then removed to this Court.  (*See* Notice of Removal, ECF No. 1.)  On October 24, 2023, the Yott Estate filed a First Amended Complaint against Endurance.[2] (*See* First Am. Compl., ECF No. 11.)  In the First Amended Complaint, the Yott Estate contends that it and/or Yott were entitled to coverage under Coverage D of the Policy, and the estate insists that Endurance wrongly denied coverage under that provision. (*See id.*)

---

[1] Endurance did offer to pay the Yott Estate $250,000.00 from a different provision of the Policy, but the Yott Estate declined that offer. (*See* First Am. Compl. at ¶ 23, ECF No. 11, PageID.246.)

[2] In the Yott Estate's original Complaint, it brought a breach of contract claim against N290KA in which the estate alleged that N290KA breached the Policy. (*See* Compl., ECF No. 1-2.)  The Court dismissed that claim on the ground that the Yott Estate had not identified any obligations under the Policy that ran from Endurance to Yott or the Yott Estate. (*See* Order, ECF No. 10.)  Notably, while the Yott Estate alleged in the original Complaint that N290KA breached contractual obligations under the Policy, the Yott Estate did not claim in that pleading that N290KA was liable for causing injury to, or the death of, Yott.  As explained later in text above, it is that type of claim – *i.e.*, that N290KA is liable for injury or death – that triggers Endurance's obligation to defend (and perhaps to indemnify) under Coverage D. And those obligations of Endurance are owed to N290KA, not to the Yott Estate.

The First Amended Complaint includes three Counts against Endurance. Count 1 is a breach of contract claim. (*See id.*, PageID.243-245.)  In that Count, the Yott Estate asserts that it (or Yott) was a "intended third-party beneficiary" of Coverage D of the Policy. (*See id.* at ¶¶ 6-7, PageID.243.)  And the Yott Estate says that Endurance "breach[ed]" that provision of the Policy when it "(a) failed to act in good faith in investigating, negotiating, and paying for the losses suffered; (b) denied [the Yott Estate] benefits under the [P]olicy and exhausted the [P]olicy limits, excluding [the Yott Estate], wrongfully denying [the Yott Estate's] claim; (c) failed to allocate the policy limits between the passengers as set forth in the [P]olicy […]; (d) failed to adjust the loss between the passengers; [and] (e) intentionally misrepresented to [the Yott Estate] that [Endurance was] adjusting the loss between the passengers." (*Id.* at ¶ 18, PageID.245.)

In Count II, the Yott Estate says that Endurance "failed to act in good faith in adjusting, investigating and paying the claims when [Endurance], though its employees in dealing with [the Yott Estate], led [the estate] to believe that [Endurance was] adjusting the loss between [the Yott Estate] and the estate of [Kennedy]." (*Id.* at ¶ 24, PageID.246.)

Finally, in Count III, the Yott Estate brings a claim under the Michigan Uniform Trade Practices Act, Mich. Comp. Laws § 500.2001 *et seq.*  In this Count,

6

the Yott Estate contends that Endurance "violated the Act when it failed, neglected and/or refused to pay [the Yott Estate's] claims." (*Id.* at ¶ 30, PageID.247.)

Endurance moved to dismiss the First Amended Complaint in its entirety on December 12, 2023. (*See* Mot. to Dismiss, ECF No. 12.)  The Court held a hearing on the motion on June 7, 2024.

### III

Endurance moves to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss" under that rule, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *See id.* When assessing the sufficiency of a plaintiff's claim, a district court must accept all of a complaint's factual allegations as true. *See Ziegler v. IBP Hog Mkt., Inc.,* 249 F.3d 509, 512 (6th Cir. 2001). Mere "conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A plaintiff must therefore provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss.

*Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV

### A

The Court starts with the breach of contract claims in Counts 1 and 2 of the First Amended Complaint.  In both of these Counts, the Yott Estate alleges that Coverage D of the Policy "requires [] Endrance[] to pay for bodily injuries sustained by all passengers including pilots" and that Endurance has wrongly failed to provide that coverage to the Yott Estate. (First Am. Compl. at ¶¶ 17-18, ECF No. 11, PageID.245.)  Endurance argues that these claims fail because "the language of the Policy demonstrates that Endurance was under no obligation" to provide the Yott Estate coverage "under Coverage D." (Mot. to Dismiss, ECF No. 12, PageID.328.) The Court agrees with Endurance.  As described below, the Yott Estate's claims that Endurance breached obligations owing under Coverage D of the Policy fail for at least three reasons.

### 1

First, the coverage available under Coverage D does not apply to the Yott Estate.  As explained above, Coverage D provides coverage for "all sums which *you* become legally obligated to pay as damages because of Bodily Injury sustained by any person" (Policy, ECF No. 11, PageID.264; emphasis added), and the "you"

8

referred to in Coverage D refers to the "named insured" – N290KA. (*Id.* at PageID.264, 277.)  Thus, because the Yott Estate is not the "named insured" under the Policy, it is not entitled to coverage under Coverage D.

The Yott Estate appears to recognize that it cannot claim coverage under Coverage D as the "named insured."[3] (*See, e.g.*, Pla.'s Resp., ECF No. 14, PageID.354 (acknowledging that the Yott Estate's claim "is not against [Endurance] as a named insured"); PageID.367 (arguing that the Yott Estate "is not seeking to enforce a duty to pay claims on behalf of the named insured").)  So the Yott Estate has come up with an alternative theory of how it is covered by Coverage D.  The Yott Estate insists that it is an intended third-party beneficiary of the coverage provided under Coverage D. (*See* First Am. Compl. at ¶ 7, ECF No. 11, PageID.243.) The Court disagrees.

The controlling Michigan statute concerning third-party beneficiaries provides that "[a]ny person for whose benefit a promise is made by way of contract […] has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee." Mich. Comp. Laws § 600.1405.  But there is no indication that any promise in Coverage D was made for

---

[3] At the hearing on Endurance's motion to dismiss, counsel for the Yott Estate confirmed that the "you" referred to in Coverage D referred only to the "named insured" and that the "named insured" under the Policy was N290KA, not the Yott Estate.

the benefit of the Yott Estate.  Instead, Coverage D provides coverage for any "sums" that *the named insured* becomes "obligated to pay as damages." (Policy, ECF No. 11, PageID.264.)  Simply put, the point of Coverage D is to protect the named insured from liability, not to protect anyone else.  To be sure, persons injured by the named insured may *incidentally* benefit from Coverage D if the named insured is deemed liable for injury to those persons and if Endurance then makes a payment to them under Coverage D.  But that does not mean that those persons are intended third-party beneficiaries of Coverage D. *See Koenig v. City of S. Haven*, 597 N.W.2d 99, 104 (Mich. 1999) (explaining that Michigan Legislature's use of the word "directly" in the third-party beneficiary statute "indicates the Legislature's intent to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract").

Moreover, the Yott Estate has not cited any caselaw supporting the proposition that an injured party qualifies as third-party beneficiary under a liability insurance policy issued to the party that caused the injury.  In fact, in the lone case cited by the Yott Estate in its discussion of its third-party beneficiary theory (*see* Pla.'s Resp., ECF No 14, PageID.368), the Michigan Supreme Court held that an injured party was *not* a third-party beneficiary of a liability policy between insurer and insured. *See Schmalfeldt v. N. Pointe Ins. Co.*, 670 N.W.2d 651, 652, 655 (Mich.

2003) (holding that injured party was "not a third-party beneficiary of the [insurance] contract"). The Michigan Court of Appeals has reached the same conclusion. *See Allstate Ins. Co. v. Keillor*, 476 N.W.2d 453, 455 (Mich. App. 1991) (holding that "plaintiff's policy did not establish a promise or duty to benefit the defendant as an injured third-party. Plaintiff's policy created a contractual promise to indemnify the insured, not directly benefit the injured party"), *rev'd on other grounds sub nom Allstate Ins. Co. v. Hayes*, 499 N.W.2d 743 (Mich. 1993). So has another Judge on this Court. *See Irtrich v. Huron Cement Division of Nat. Gypsum Co.*, 670 F.Supp. 199, 204-05 (E.D. Mich. 1987) (same). These cases make clear that the Yott Estate is not entitled to coverage under Coverage D as a third-party beneficiary of that provision.

In sum, the Yott Estate has not put forward a plausible theory as to how it is included within the coverage provided under Coverage D.[4] Thus, the Yott Estate's claim for coverage under Coverage D fails as a matter of law.

---

[4] At some points in its briefing, the Yott Estate contends that Yott qualified as an "insured" (but not as the "named insured") under the Policy. (*See* Pla.'s Resp., ECF No. 14, PageID.352, 364-365.) But the Yott Estate never persuasively explains – with supporting citations to provisions of the Policy – how that status could have entitled Yott or the Yott Estate to coverage under Coverage D in light of the fact that, as counsel for the estate admitted during the hearing before the Court, the coverage under Coverage D applies only to the named insured.

**2**

Second, even if the Yott Estate did fall within the ambit of Coverage D, the estate's claim that Endurance breached Coverage D would still fail because the estate has not alleged any facts that would trigger any obligations of Endurance to the estate under Coverage D.  As explained above, Coverage D provides coverage where, among other things, a named insured has been held liable for damages.  Thus, if Coverage D applies to the Yott Estate, it would be triggered if and only if (among other things) an injured party (1) made a claim for damages against the Yott Estate and (2) secured a judgment of liability against the estate.  The Yott Estate does not allege that that has happened here.  Indeed, during the hearing before the Court, counsel for the Yott Estate candidly acknowledged that the estate is not currently facing a claim for damages arising out of the accident, much less a judgment of liability.  Under these circumstances, the Yott Estate has no right to coverage under Coverage D (even if that provision applies to the estate), and it has no claim against Endurance for breaching that Policy provision.

In response, the Yott Estate repeatedly highlights that the tragic accident that killed Yott constituted an "occurrence" under the Policy. (*See* Pla.'s Resp., ECF No. 14, PageID.353-354, 359.)  That is correct.  But the fact that an "occurrence" happened is not enough to trigger coverage obligations under Coverage D.  While an "occurrence" is a *necessary* condition for coverage under that provision, it is not

*sufficient* to trigger coverage. On the contrary, as explained in detail above, that coverage is triggered when, among other things, following an "occurrence," there is a determination of liability. (*See* Policy, ECF No. 11, PageID.264.) Since no such determination was made here – and since the Yott Estate is not even facing a current claim for liability – the Yott Estate has no right to coverage under Coverage D even if an "occurrence" happened.

The bottom line here is that the Yott Estate's claim that Endurance breached Coverage D is based upon a fundamental misunderstanding of that provision. The Yott Estate effectively treats Coverage D as if it provided first-party coverage for insureds who suffer injuries. It does not. As explained in detail above, Coverage D provides *liability* coverage that protects the *named insured* from damages based upon a finding of *liability*. Coverage D simply does not apply here.

**3**

Finally, the Yott Estate seems to suggest that Endurance breached the Policy when it treated Yott Estate differently than the estate of his co-pilot, Kennedy. According to the Yott Estate, both Yott and Kennedy, as pilot and co-pilot respectively, were similarly situated vis-à-vis the accident, and the Yott Estate says that Endurance wrongly "treated the claims of the two estates differently." (Pla.'s Resp., ECF No. 14, PageID.363.) More specifically, the Yott Estate contends that Endurance wrongly made a payment to the Kennedy estate on behalf of N290KA

under Coverage D but refused to make a similar payment (or any payment) to it (the Yott Estate) under that same coverage provision. (*See id.*)

This line of argument is flawed in at least two respects. First, for all of the reasons explained above, the Yott Estate has failed to plausibly allege that Endurance had *any* contractual obligations to the estate under Coverage D, and thus none of Endurance's acts or omissions could be deemed a breach of that provision of the Policy. Second (and in any event), Endurance had good reason for treating the two estates differently with respect to its obligations to N290KA under Coverage D. Indeed, given the markedly different courses of actions taken by each estate, the two estates stood in very different positions with respect Coverage D. As noted above, the Kennedy estate made a claim against N290KA in which the Kennedy estate set forth a theory as to how N290KA was liable for damages arising out of Kennedy's death, and that claim triggered Endurance's obligations to defend and indemnify N290KA under Coverage D. Endurance satisfied those obligations to N290KA when, on behalf of that entity, it made the payment to the Kennedy estate. In sharp contrast, the Yott Estate did not make a claim against N290KA alleging that that entity was liable for Yott's injuries or death. Because the Yott Estate never made such a claim against N290KA, Endurance never had any obligation under Coverage D to take any actions on behalf of N290KA with respect to the Yott Estate. Simply put, Endurance's obligation under the Policy was to protect N290KA from

claims asserting N290KA's liability, and since the Yott Estate never made such a claim, Endurance had no obligation to make any payments to the Yott Estate on behalf of N290KA.

4

For all of these reasons, Endurance is entitled to dismissal of Counts 1 and 2 of the Yott Estate's First Amended Complaint.

B

Next, in Count III of the First Amended Complaint, the Yott Estate claims that Endurance violated the provisions of Michigan Uniform Trade Practices Act (the "UTPA") that prohibit a party from (1) "[m]isrepresent[ing] the terms, benefits, advantages, or conditions of an insurance policy," Mich. Comp. Laws § 500.2005(a), and (2) "[m]ak[ing] a misrepresentation for the purpose of inducing or tending to induce the lapse, forfeiture, exchange, conversion, or surrender of an insurance policy." Mich. Comp. Laws § 500.2005(f).  This claim fails for at least two reasons. First, it does not appear that the UTPA provides for a private cause of action for damages. *See*, *e.g.*, *Society of St. Vincent De Paul*, 49 F.Supp.2d 1011, 1020 (E.D. Mich. 1999) ("To the extent Plaintiff alleges a claim for damages premised on Defendant's violation of the UTPA, those claims are DISMISSED. There is no private cause of action for violation of the UTPA"); *Magda v. Automobile Club Ins. Assoc.*, 2015 WL 13036945, at *5 (E.D. Mich. Apr. 28, 2015) (noting that "[c]ourts

15

have repeatedly held the UTPA does not provide a private cause of action"). Second, even if the UTPA did create a private cause of action for damages, the Yott Estate's claim would still fail because it has failed to plead any facts that could show Endurance violated the UPTA provisions at issue in a way that caused the estate any damages. As explained above, the Yott Estate was not entitled to coverage under Coverage D, and thus the estate cannot plausibly allege that the manner in which Endurance allegedly adjusted the estate's insurance claim caused the estate any damages. Endurance is therefore entitled to dismissal of Count 3 of the First Amended Complaint.

## V

For all of the reasons described above, the Yott Estate has not pleaded any viable claims against Endurance. Endurance's motion to dismiss (ECF No. 12) is therefore **GRANTED**, and all of the Yott Estate's claims against Endurance are **DISMISSED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
Dated: July 16, 2024           UNITED STATES DISTRICT JUDGE

16

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126